UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DETROIT DAVIS, JR.,                                    Civil No. 11-1962 (PJS/TNL)

        Petitioner,

v.                                                     **REPORT AND
                                                       RECOMMENDATION**

STATE OF MINNESOTA,

        Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's amended application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 5.)[1]  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1).  The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

## I. BACKGROUND

In April 2006, a jury in Hennepin County, Minnesota, found Petitioner guilty of first and second degree murder, and attempted aggravated robbery.  On May 9, 2006, Petitioner was sentence

---

[1]  Petitioner's original habeas corpus petition, (Docket No. 1), was found to be deficient in several respects.  Therefore, Petitioner was directed to file an amended petition if he intended to pursue this case.  Petitioner did file an amended petition, (Docket No. 5), which is now the operative pleading in this case.

[2]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

to life in prison, plus 240 months.  (Amended Petition, p. 1, §§ 1-5.)  Petitioner is currently serving

his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota.

Petitioner challenged his conviction and sentence on direct appeal, but the Minnesota

Supreme Court rejected all of his arguments on the merits.  Petitioner's conviction and sentence

were affirmed by the Minnesota Supreme Court on July 19, 2007.  State v. Davis, 735 N.W.2d 674

(Minn. 2007) [hereafter "Davis I"].

On July 10, 2009, Petitioner filed a post-conviction motion in the state trial court, seeking

further review of his conviction and sentence.  (Amended Petition, p. 4, § 11(a)(3).)  In that motion,

Petitioner contended that his conviction and sentence should be vacated because of prosecutorial

misconduct and ineffective assistance of counsel.  (Id., § 11(a)(5).)  The trial court denied

Petitioner's post-conviction motion, and the Minnesota Supreme Court affirmed that ruling on July

15, 2010.  Davis v. State, 784 N.W.2d 387 (Minn. 2010) [hereafter "Davis II"].[3]

Petitioner's original habeas corpus petition, (Docket No. 1), was filed in the Clerk's Office

on July 19, 2011.  However, the Eighth Circuit Court of Appeals has held that a prisoner habeas

corpus petition is deemed to have been filed on the date when it is delivered to prison officials for

mailing.  Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999).  In this case, the original

petition was signed on July 14, 2011, so Petitioner obviously did not deliver the petition for mailing

before that date.  For present purposes, the Court will assume that Petitioner delivered his petition

for mailing on the day that he signed it, namely on July 14, 2011, and that will be deemed the filing

date for this action.

---

[3]  The date when Petitioner filed his post-conviction is confirmed by Davis II.  784 N.W.2d
at 390 ("Davis filed a timely petition for postconviction relief on July 10, 2009").

Petitioner's amended habeas corpus petition, which is now before the Court, lists two grounds for relief. Ground One is described as follows: "6th Amendment Right to a Fair trial, and confrontation clause[;] equal protection of the law[;] 14th Amend. U.S.C. Constitutional violations[;] miscarriage of Justice." (Amended Petition, p. 6, § 12.) In Ground Two, Petitioner contends that two of the witnesses at his trial should not have been allowed to testify, and the admission of their testimony constitutes a "miscarriage of justice." (Id., p. 8, § 12.)

However, the Court finds that Petitioner did not commence the present action within the one-year statute of limitations prescribed by federal law. Therefore, the merits of Petitioner's habeas corpus claims will not be addressed, and the Court will recommend that this action be summarily dismissed.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

"**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or

3

claims presented could have been discovered through the exercise of
due diligence.

**(d)(2)** The time during which a properly filed application for State post-conviction
or other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D)

of § 2244(d)(1) could be applicable.  In other words, there is no indication that the State created any

unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the

prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based

on any newly-recognized and retroactively applicable constitutional right, or any new evidence that

could not have been discovered soon enough to file a timely petition.

Therefore, the Court finds that the one-year limitations period began to run in this case,

pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the

conclusion of direct review or the expiration of the time for seeking such review."  Petitioner's

conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on July 19,

2007, when the Minnesota Supreme Court handed down Davis I.  However, for purposes of 28

U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for

filing a petition for a writ of certiorari in the United States Supreme Court.  Smith v. Bowersox, 159

F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until

the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999).  Certiorari

petitions must be filed within 90 days after a final adjudication by a state's highest court.  Sup. Ct.

R. 13.1.  Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final,"

and the statute of limitations began to run, on October 17, 2007 -- 90 days after the Minnesota

Supreme Court upheld his conviction and sentence on direct appeal.  The statute of limitations

expired one year later, on October 17, 2008. Petitioner, however, did not initiate his federal habeas corpus case until July 14, 2011, which was nearly three years after the expiration of the statute of limitations deadline.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

The tolling provisions of § 2244(d)(2), however, cannot aid Petitioner here, because the federal statute of limitations had already expired before he filed his post-conviction motion in the state trial court. The statute of limitations expired on October 17, 2008, and Petitioner did not file his state post-conviction motion until July 10, 2009. Thus, the federal habeas statute of limitations expired nearly nine months before Petitioner filed his post-conviction motion. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"); McMullan v. Roper, 599 F.3d 849, 852 (8th Cir.) ("[t]he time between the conclusion of a direct appeal and the filing of a state court application for post-conviction relief does not toll the AEDPA statute of limitations"), cert. denied, 131 S.Ct. 602 (2010). Because the federal limitations period expired before Petitioner's state post-conviction motion was filed, that motion could not have tolled the statute of limitations. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state

5

post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), <u>cert</u>. <u>denied</u>, 531 U.S. 991 (2000); <u>Bogan v. Moore</u>, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete.  That, however, is simply not the case.  "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." <u>Cordle v. Guarino</u>, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).  Again, once the federal statute of limitations expired in this case, on October 17, 2008, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion on July 10, 2009.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred.  <u>See</u> <u>Baker v. Norris</u>, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), <u>cert</u>. <u>denied</u>, 539 U.S. 918 (2003).  <u>See also</u> <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

The Eighth Circuit Court of Appeals, however, has made it abundantly clear that equitable tolling is available only "when <u>extraordinary circumstances beyond a prisoner's control</u> make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." <u>Jihad v. Hvass</u>, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added).  <u>See also</u> <u>White v. Dingle</u>, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling,

6

the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions that suggest that he could be eligible for equitable tolling. The Court's previous order in this case, (Docket No. 4), explicitly advised Petitioner that his habeas petition appeared to be time-barred, and he was therefore required to explain why this action should not be summarily dismissed.[4]  Petitioner, however, has made no effort to explain why this action should not be

---

[4]  The prior order stated that:

"Petitioner appears to be challenging a conviction and sentence that became final on direct appeal several years ago.  Therefore, the current petition appears to be time-barred under the one-year statute of limitations that applies to federal habeas corpus petitions brought by state prisoners. See 28 U.S.C. § 2244(d)(1).  Because this action appears to be untimely, Petitioner will be required to file (a) an affidavit that fully describes the entire procedural history of his state court criminal case, including the dates when all post-conviction motions and all appeals were filed and decided, and (b) a memorandum that explains why this action should not be dismissed pursuant to the applicable statute of limitations."

dismissed due to untimeliness.  It appears that in this case, as in <u>Baker</u>, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction."  321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III.  CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred.  The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on October 17, 2008.  Petitioner, however, did not commence the present habeas action until July 14, 2011 – long after the statute of limitations deadline.

Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), <u>if</u> it had been filed before the statute of limitations expired. There was, however, no effective § 2244(d)(2) tolling in this case because Petitioner did not file his post-conviction motion until after the federal statute of limitations had already expired.  In addition, Petitioner has shown no viable grounds for equitable tolling.  Thus, the Court concludes that Petitioner's current § 2254 habeas corpus action is time-barred, and this case must be summarily dismissed with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. Daniel</u>, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## V.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 5), be **DENIED**;

2.  This action be **DISMISSED WITH PREJUDICE**; and

3.  Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: October ___7__, 2011

　　　　　　　　　　　　　　　　_____s/ Tony N. Leung_____
　　　　　　　　　　　　　　　　TONY N. LEUNG
　　　　　　　　　　　　　　　　United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **October 24, 2011.**